### 19300

The STATE, Respondent, v. Michael HANEY, Appellant
(184 S. E. (2d) 344)

*Eddie R. Harbin, Esq.,* of Greenville, *for Appellant,* cites: *As to the Court's erring in refusing to quash the indictment against the Defendant:*

*Messrs. C. Victor Pyle, Sol., and William W. Wilkins, Jr., Asst. Sol.,* of Greenville, *for Respondent,* cite:

October 22, 1971.

BRAILSFORD, Justice.

The appellant appeals from his conviction for housebreaking, charging the trial court with error in failing to quash the indictment, failing to direct a verdict of acquittal, and declining a requested charge to the jury.

At about 10:30 on the night of August 19, 1970, police officers of the City of Greer converged on an elementary schoolhouse in response to the activation of its silent alarm system. The appellant and a non-appealing codefendant were

apprehended as they ran out of a rear door and tried to flee. In a written statement, admitted in evidence by consent, appellant's companion stated that they entered the building through a door found partly open, but the school's janitor testified that he had locked the door upon closing the building earlier. The window to the principal's office, accessible from a ledge adjacent to the rear steps, was found by an investigating officer to be raised. Inside the building the door to the library and visual aids storage area was found open, although it, like the window, had been closed when the janitor left.

The breaking and entry condemned by Section 16-332, Code of 1962, upon which the conviction is based, must be carried out "with intent to commit a felony or other crime of lesser grade." The indictment alleges that the defendant intended to steal "the goods and chattels" inside the schoolhouse. He contends that the indictment is fatally uncertain in failing to specify what particular items he contemplated in stealing. In *State v. Langford,* 55 S. C. 322, 327, 33 S. E. 370, 372 (1899), it was decided that in "indictments for burglary with intent to commit larceny, it is not necessary to specify the particular goods and chattels the defendant intended to steal." No reason has been suggested for applying a different rule when housebreaking is the charge. This contention must be rejected.

Claiming a total lack of evidence of intent to commit larceny, the defendant charges error in the refusal to direct a verdict of acquittal. The testimony adduced at trial fully supports a conclusion that the defendant gained access to the building through an unlocked window and entered the room where movie projectors and other visual aids were kept, whereupon the arrival of the police frightened him and his cohort into flight.

Absent an admission by the defendant, proof of intent necessarily rests on inference from conduct. When the building entered is a dwelling house, the weight of author-

ity holds that the unexplained breaking and entry in the night is itself evidence of intent to commit larceny rather than some other crime. "The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft." 13 Am. Jur. (2d) Burglary, Sec. 52 (1964). We find no ground for concluding differently when a schoolhouse instead of a dwelling is the object of the entry.

"In the absence of inconsistent circumstances, proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose." *People v. Rossi,* 112 Ill. App. (2d) 208, 211-212, 250 N. E. (2d) 528, 530 (1969).

This court's jurisdiction is limited to inquiring whether there is any competent evidence of guilt. *State v. Jenkins,* 249 S. C. 570, 155 S. E. (2d) 624 (1967). We cannot say there was no evidence of intent to commit larceny.

The defendant further excepts to the trial judge's refusal to charge one of two paragraphs taken from an opinion of this court regarding circumstantial proof of guilt. The paragraph in question merely rephrased and repeated principles amply expounded elsewhere in the charge. There was no error in declining the request.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.