19322

The STATE, Respondent, v. Eddie Dois MILLER, Appellant

(185 S. E. (2d) 359)

*William W. Doar, Jr., Esq.,* of *Moore, Flowers & Doar,* Georgetown, *for Appellant,* cites :

*Messrs. Daniel R. McLeod, Atty. Gen.* and *Joel E. Gottlieb, Joseph C. Good, Jr., Asst. Attys. Gen.* of Columbia, *for Respondent,* cite :

November 29, 1971.

BRAILSFORD, Justice.

The Appellant was convicted in magistrate's court of driving a motor vehicle while under the influence of intoxicating liquor. He appeals upon three exceptions from an order of the Court of General Sessions for Georgetown County affirming his conviction. We quote from the return of the magistrate: "The Highway Patrolman over defense objection was permitted to testify that the defendant had failed and refused to submit to a breathalyzer test. The officer was also permitted over defense objection to state to the jury during his summation argument that only a drunk man would have refused to submit to the breathalyzer test and had the defendant been sober he would not have so refused."

The first and second exceptions charge error in permitting testimony that appellant refused to take a breathalyzer test, and in permitting comment thereon, the error assigned being that such testimony violated appellant's privilege against self-incrimination. The third exception charges that the inference urged upon the jury in summation was prejudicial

in that it exceeded fair comment on appellant's refusal to take the test.

In *State v. Smith*, 230 S. C. 164, 94 S. E. (2d) 886 (1956), we rejected the claim that the admission of testimony that the defendant, when charged with driving under the influence, refused to submit to a blood test, and the allowance of comment thereon before the jury, violated defendant's privilege against self-incrimination. Recognizing, as he must, that the *Smith* decision is a controlling precedent on the constitutional issue tendered by him, the appellant has petitioned that it be modified or overruled "on the grounds that the rule set forth in said case has been modified or overruled by more recent decisions of The United States Supreme Court." Appellant cites *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), and *Schmerber v. California*, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966), his principal reliance being upon the *dictum* contained in a rather involved footnote to the *Schmerber* opinion, *viz.*, footnote 9 at 765, 86 S. Ct. at 1833.

■ Suffice it to say that we find nothing in these decisions which impugns our judgment in *Smith*. We adhere to this decision which is in accord with the great weight of authority on the point. See Annot., 87 A. L. R. (2d) 370 (1963), Sec. 5, at 378.

■ We find no merit in the claim that the prosecutor's summation on the point exceeded fair comment. We agree that other inferences could reasonably be drawn from appellant's refusal to take the test, but these the appellant was free to urge upon the jury.

■ In addition to the constitutional argument, appellant urges that by the terms of Section 46-344(d), Code of 1962 (Cum. Supp.), he had the statutory right to refuse to take the test. Hence, the evidence that he did refuse should have been excluded. Passing the point that this claim is not fairly raised by the exceptions, we do not so

construe the statute, which simply opts against forcible testing if the person charged does not cooperate. While the section relied upon does provide that if the person arrested refuses to take the test, "none shall be given," it also provides that the driver's license of the person so refusing shall be suspended for ninety days.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.