21067

The STATE, Respondent, v. Lonnie Lee TUCKER, Appellant.

(259 S. E. (2d) 414)

*Andrew L. Abrams,* Greenville, *for Appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser,* Columbia,

and *Sol. William W. Wilkins, Jr.,* Greenville, *for Respondent.*

October 22, 1979.

LITTLEJOHN, Justice:

The defendant-appellant, Lonnie Lee Tucker, was convicted by a jury of violating § 56-5-2910, *Code of Laws of South Carolina* (1976), which reads as follows:

"§ 56-5-2910. Reckless homicide; penalties; revocation of driver's license.

When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide. . . ."

He has appealed the conviction, submitting two questions for consideration to this court as a basis for acquittal, as a matter of law, or, in the alternative, for a new trial because of alleged erroneous charge by the trial judge.

The defendant's vehicle was being driven by him south along Highway No. 276, a four-lane road, in the direction of Travelers Rest. Garland Easley Fortner was proceeding in the opposite direction on his motorcycle. Both were traveling in the inside lanes. As the vehicles approached, the defendant's automobile "fishtailed" across the center line 3'7" into the lane of traffic in which the motorcycle was traveling. Defendant's vehicle then straightened up, but in the meantime Fortner, in an effort to avoid the collision, steered his motorcycle to the left, such that the collision occurred in the lane of traffic of defendant's automobile. A member of the South Carolina Highway Patrol testified that there were skid marks for a distance of 276' to the place where defendant's automobile came to rest.

Witness Dodd, for the State, testified that at a point about two miles from the collision defendant's automobile was

being driven ". . . real fast and weaving in and out of traffic." Witness Chapman, for the State, testified relative to defendant's automobile, that a point about nine-tenths of a mile from the scene of the collision: "He came over and right when he did he kicked into the motor and the car spun sideways in the curve and come towards us and it scared my wife and I'd say the car was going fast, I couldn't say how fast."

Evidence of the defendant's driving conduct before reaching the scene of the collision was properly admitted to show his state of mind. The facts and issues here are strikingly similar to those in *State v. Cavers*, 236 S. C. 305, 114 S. E. (2d) 401 (1960). *Also see* 46 A.L.R. (2d) 9.

It was stipulated that Fortner died as a result of the collision. The defendant contended that his steering apparatus locked, causing his automobile to "fishtail." There was testimony from mechanics that the steering apparatus was examined after the collision and found to be in good working order.

The first question submitted to this court by counsel for the defendant is as follows:

Did the trial court err in refusing to instruct the jury in any manner as to the definition and effect of proximate cause and intervening cause and accident, despite the request by the defendant's counsel for these appropriate instructions?

In determining whether there was error in the judge's charge, this court will, of course, consider the charge as a whole and will consider the charge in the light of the evidence and the issues as they are developed in the trial of the case. Argument of counsel for the State, which preceded the judge's charge, clearly sets forth the State's contention and the issues to be considered. He said:

"As has been said and brought out very clearly, I think, the defendant has been charged with reckless homicide. And

this means the State alleges that he drove an automobile in a reckless; in a wilfully reckless disregard for the life and safety of others. In other words, not mere a mere accident, unavoidable or otherwise. . . ."

He also told the jury: "It's got to be more than a simple accident."

Thereafter, the judge charged the jury:

"The question is, was the decedent's death caused by the defendant driving his vehicle in a reckless disregard for the safety of others and in particular for the decedent in this case? In this connection, ladies and gentlemen, I charge you that a reckless disregard for the safety of others signifies an indifference to the consequences of one's acts. It means something more than mere negligence or carelessness which indicates inadvertence, which is the failure to exercise due care, sometimes called ordinary care, which means such care as a person of ordinary reason and prudence would exercise under the same circumstances. Recklessness denotes a conscious failure to exercise due care or ordinary care or a conscious indifference to the rights and safety of others or a reckless disregard thereof."

The law of negligence and recklessness is the law of the avoidable accident. The gist of the charge of recklessness was that the collision could have been avoided. This necessarily implies that the State must prove beyond a reasonable doubt that the actions of the defendant were culpable, which excludes the theories of an unavoidable accident or one brought about by an intervening cause. Counsel was at liberty to argue to the jury that the collision was not the result of recklessness on the part of his client, and the jury, if convinced by the argument, would have exonerated the defendant. We are of the opinion that the charge, considered as a whole, adequately covered the issues involved and, accordingly, the first question is answered adversely to the defendant.

The second question submitted, as taken from counsel's brief, is as follows:

Did the trial court err in failing to direct a verdict for the defendant, when the overwhelming weight of the evidence presented both by the State and by the defendant demonstrated that there was no reckless conduct on the part of the defendant at the time of the accident?

The summary of the evidence, included hereinabove, clearly indicates that the defendant was not entitled to a directed verdict. The evidence made issues for determination of the triers of the fact, which was the jury, and not questions of law for the judge. We find no error.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.