21611

The STATE, Respondent, v. Jimmy HOLMES and Bobby Wise, Appellants.

(285 S. E. (2d) 553)

*Chief Atty. John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay,* of *S. C. Com'n of Appellate Defense,* and *William L. Pyatt* of *Fulton & Pyatt,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *State Atty. Harold M. Coombs, Jr.,* Columbia, and *Sol. William T. Jones,* Greenwood, *for respondent.*

December 14, 1981.

NESS, Justice:

Appellants, Jimmy Holmes and Bobby Wise were convicted of conspiracy to distribute marijuana and distribution of marijuana. They contend the trial court erred in his instruction to the jury on the law of conspiracy. We disagree.

The appellants argue based on the instructions given, the jury might conclude there could be a criminal conspiracy between the appellants and SLED agent Atencio, who was working undercover when these events occurred. This would contradict the rule that one cannot enter into a conspiracy with another who only feigns acquiescence in a crime; such as an informer or undercover agent. *U. S. v. Chase,* 372 F. (2d) 453, 459 (4th Cir. 1967), *cert. denied,* 387 U. S. 907, 87 S. Ct. 1688, 18 L. Ed. (2d) 626 (1967); 15A C. J. S. Conspiracy § 37, p. 731 (1967).

The trial court charged the jury substantially from the language contained in the indictment, which provides as follows:

"That Jimmy Holmes and Bobby Wise did . . . unlawfully, wilfully, knowingly, wickedly and feloniously unite, combine, conspire, confederate, agree between and among themselves and *have tacit understanding with* each other, with Paul Atencio, an undercover police officer, and with diverse other

evil-disposed persons, . . . for the purpose of distributing marijuana, such distribution not having been authorized by law." (Emphasis supplied.)

The indictment here is sufficiently based on the requisite standard stated in *State v. Adams,* 283 S. E. (2d) 582 (S. C. 1981). This language adequately instructed the jury that the alleged conspiracy was between the co-defendants. Moreover, participation of an undercover agent "[I]n conjunction with more than one person to violate a law . . . will not preclude a conviction of the others for a conspiracy among themselves." *State v. Wilkins,* 34 N. C. App. 392, 238 S. E. (2d) 659, 665 (1977); also see generally, *State v. Dugan, et al.,* 282 S. E. (2d) 838 (S. C. 1981).

On appeal, this Court will review the jury charge as a whole and in light of the trial evidence and issues. *State v. Tucker,* 273 S. C. 736, 259 S. E. (2d) 414 (1979). The Constitution of this State requires that the trial judge declare the law, but no particular verbiage is necessary. It is sufficient if the precepts stated to the jury adequately cover that law which is applicable." *State v. Rabon,* 272 S. E. (2d) 634, 636 (S. C. 1980). There is no error in the charge in this case and appellant's remaining exceptions are without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.