1492

The STATE, Respondent v. Abdul NATHARI, Appellant.

(399 S.E. (2d) 597)

Court of Appeals

*Jack B. Swerling,* of *Swerling, Harpootlian and McCulloch,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* and *Solicitor James C. Anders, Jr.,* Columbia, *for respondent.*

Heard March 21, 1990.

Decided April 30, 1990.

*Per Curiam:*

Abdul Nathari appeals from his conviction on two counts of felony driving under the influence.[1] We affirm.

Viewed in the light most favorable to the State, the facts are as follows. On March 7, 1987, Nathari, while driving, struck and killed two twelve-year-old boys. Several witnesses testified Nathari was weaving back and forth across the road. One witness testified Nathari's weaving forced two oncoming cars off the road. This witness attempted to disable Nathari's car when the two stopped at a traffic light, but was unsuccessful. He continued to follow Nathari and saw him veer completely off the road and strike the two boys. Nathari did not brake before the impact and travelled almost 270 feet with one of the boys on his hood, the boy's torso inside the car, before the witness was able to attract his attention and stop him.

Other witnesses observed Nathari at the scene to be glassy-eyed, red-eyed, and slurred of speech. After Highway Patrol officers arrested him, Nathari was tested on the breathalyzer. The results of this test indicated Nathari had a blood alcohol level of .04%.[2] The officers then transported Nathari to a hospital for a urine test. They advised Nathari he had a right

---

[1] Section 56-5-2950, Code of Laws of South Carolina, 1976, as amended.

[2] *See* Section 56-5-2950(b)(1), Code of Laws of South Carolina, 1976, as amended (presumption one is not under the influence of alcohol when blood alcohol level is .05% or less).

under the Implied Consent Statute[3] to refuse the urine test. They advised him that a refusal would result in a 90 day suspension of his driver's license. Nathari refused the test. At trial, Nathari's refusal came into evidence.

## I.

First, Nathari asserts the trial court erred in admitting certain testimony into evidence. He argues: (1) the testimony of the victims' mothers was irrelevant, inflammatory, and prejudicial; (2) testimony that Nathari "looked like a zombie" was speculative; (3) testimony that Nathari was "veering lazily back and forth on the road" approximately one and one half miles away from the scene was too remote; (4) testimony concerning the victims went beyond the scope of proper redirect examination; (5) testimony that Nathari was "messed up" was conclusory; (6) testimony concerning a recent "gouge mark" at the scene and concerning articles of the victims' clothing was irrelevant and inflammatory; (7) testimony from one officer that other officers determined Nathari acted "very much, very much under the influence" was hearsay; (8) testimony from an expert witness not listed on the State's witness list concerning the possible interactions between alcohol and other drugs was unqualified, speculative, and without proper foundation; and (9) questioning by the State of one of Nathari's witnesses concerning purported exculpatory information was inflammatory and irrelevant.

Ordinarily, the conduct of a trial, including the admission of proffered evidence, is largely within the sound discretion of the trial judge. His exercise of discretion will not be disturbed on appeal unless it can be shown he committed legal error in the exercise of discretion and the rights of the appellant were thereby prejudiced. *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941).

The mothers' testimony was relevant. It established the identity of the victims. Nathari's stipulation to the boys' cause of death in no way prohibits the State from eliciting this testimony from the mothers. Further, Nathari shows no prejudice as a result of the mothers' testimony. The "zombie" testimony was elicited from a lay witness whom

[3] Section 56-5-2950, Code of Laws of South Carolina, 1976, as amended.

Nathari ran off the road prior to striking the boys. The witness observed Nathari's face and noted his eyes were "like slits." This witness set forth a factual basis for her opinion. The trial judge committed no error. *See State v. Stockman*, 82 S.C. 388, 64 S.E. 595 (1909). This testimony is clearly relevant as it is circumstantial evidence from which the jury could infer that Nathari was under the influence of alcohol, other drugs, or a combination of the two.

The "veering lazily" testimony is not too remote. *See State v. Tucker*, 273 S.C. 736, 259 S.E. (2d) 414 (1979) ("weaving" observed two miles from collision held not too remote). Further, it identified Nathari as the driver of the car that struck the two boys and it was circumstantial evidence from which the jury could infer Nathari was under the influence. Testimony elicited from this witness on redirect concerning Nathari's conduct at the scene was proper to refute the implication raised by Nathari's counsel that, by walking back to the site of the impact, Nathari wished to help one of the boys.

Opinion testimony from an officer that Nathari was "messed up" was supported factually by the officer's detailed account of his observations of Nathari and was therefore properly admitted. *State v. Stockman, supra.* This officer's testimony concerning a "gouge mark" and articles of the boys clothing was properly admitted to explain the crime scene investigation and to show the impact occurred off of the roadway. Testimony that other officers determined Nathari was under the influence is hearsay. However, this testimony was merely cumulative to the testimony of the other officers and does not warrant reversal. *Jackson v. Price*, 288 S.C. 377, 342 S.E. (2d) 628 (Ct. App. 1986).

Testimony from the State's forensic toxicologist was properly admitted. This witness's name appeared on a witness list from the first trial on this matter; and, the State called her as an expert in response to Nathari's objection to the testimony of a lay witness on the same subject. In any event, application for relief under discovery rules is a matter within the sound discretion of the trial court. *State v. Dixon*, 284 S.C. 526, 328 S.E. (2d) 89 (Ct. App. 1985). We find no abuse by the trial court here. Further, this witness's testimony came after her unchallenged qualification as an expert

in the field of forensic toxicology. She testified that the field of forensic toxicology deals with interpreting the results of the study of body fluids "for the presence of alcohol and/or other poisons." This testimony combined with her educational background constitutes a sufficient foundation for the disputed testimony. Her testimony is also clearly relevant to explain what a urine test might show and, consequently, why one was sought by the State. In any case, adequacy of an expert's knowledge, once qualified, goes to the weight of the testimony, not to its admissibility. *Madden v. Cox*, 284 S.C. 574, 328 S.E. (2d) 108 (Ct. App. 1985), *app. dism.*, 286 S.C. 127, 332 S.E. (2d) 102 (1985).

Finally, the trial court permitted the Solicitor to cross examine Nathari's witness in regard to her failure to come forth with information that would purportedly exculpate Nathari. The trial judge has broad discretion in determining the general range and extent of cross examination. His exercise of discretion will not be disturbed absent manifest abuse. *Cf. Taylor v. State*, 258 S.C. 369, 188 S.E. (2d) 850 (1972). We find no such abuse. The question went to the witness's credibility, which is a proper ground upon which to impeach her direct testimony. *Id.* (cross examination on failure to give exculpatory statement constitutes legitimate attack on credibility).

## II.

Nathari argues, on several grounds, that testimony commenting on his refusal to submit to a urine test was improperly admitted.

Nathari argues the State's request for a urine sample was unlawful because it was contrary to South Carolina's Implied Consent Statute. He primarily asserts the officers did not have reasonable ground to believe he was under the influence of a drug other than alcohol. Therefore, he argues, he had a lawful right to refuse the test. Ample direct and circumstantial evidence supports the officers' belief that Nathari was under the influence of a drug other than alcohol.

Nathari argues he did not knowingly waive his rights under the Implied Consent Statute because he was not informed that his refusal would be used against him. Additionally, he argues the State explicitly assured him that

the only consequence from his refusal would be a license suspension. The officers complied with the provisions of the statute by informing Nathari of the license suspension penalty. The statute required no additional warnings. Nathari's only statutory right was adequately protected by the officers' warning.

Nathari argues he has a Fourth Amendment right to refuse to provide a urine sample which was violated when State's witness commented on his refusal. However, Nathari failed to present this ground to the trial court for consideration. We, therefore, will not consider it. *State v. Vanderbilt*, 287 S.C. 597, 340 S.E. (2d) 543 (1986).

Nathari argues the State's comment on his refusal violated his Fifth Amendment right against compelled self-incrimination. He asserts his rights under the Fourth Amendment and the Fifth Amendment are mutually reinforcing, and therefore, his claims have more force than if he were asserting them independently. We need not reach this issue because he failed to present his Fourth Amendment argument to the trial court. *Id.* Thus, his Fifth Amendment argument stands alone. The use of a blood or urine test is nontestimonial in nature. Comment on Nathari's refusal did not violate his Fifth Amendment privilege against self-incrimination. *State v. Miller*, 257 S.C. 213, 185 S.E. (2d) 359 (1971); *State v. Smith*, 230 S.C. 164, 94 S.E. (2d) 886 (1956).

### III.

Nathari argues the trial court improperly admitted certain photographs into evidence. The determination of the admissibility of photographs is a matter left to the sound discretion of the trial court. *State v. Goolsby*, 275 S.C. 110, 268 S.E. (2d) 31 (1980), *cert. denied*, 449 U.S. 1037, 101 S. Ct. 616, 66 L. Ed. (2d) 500 (1980). Photographs are properly excluded if they are entirely without relevance or are not substantially necessary to show material facts or conditions. *State v. Edwards*, 194 S.C. 410, 10 S.E. (2d) 587 (1940). Here, the disputed photographs show the crime scene as it existed on the day of the impact. In particular, they show where the collision occurred and the final resting place of Nathari's car. The photographs are clearly relevant. We have viewed the photographs and do not find them unduly prejudicial or inflammatory.

## IV.

Nathari argues the trial court improperly excluded testimony concerning the videotaping of persons arrested for offenses involving intoxication. He asserts the proffered testimony was relevant to the weight and reliability of the State's evidence. However, the proffered testimony reveals that videotaping Nathari was not considered by the officer because it was the policy of the Highway Department not to use videotape. There is, additionally, no prejudice shown by Nathari because there was no videotaping equipment available to the officer when he arrested Nathari. He could not have videotaped Nathari even if Highway Department policy allowed him the option. We will not disturb the discretionary ruling of the trial court. *State v. Gregory, supra.*

## V.

Nathari argues the trial court improperly denied his motion for change of venue. He asserts pre-trial publicity was so pervasive and prejudicial that the ability to pick an impartial jury was substantially impaired. In support of his motion, he submitted affidavits from thirteen defense attorneys alleging he would be unable to receive a fair trial in Richland County. He now notes that ten of the twenty-four prospective jurors indicated they had specific memories of the publicity surrounding the case. However, this information was not presented to the trial court as a ground for change of venue. *State v. Vanderbilt, supra.*

A motion for change of venue is addressed to the sound discretion of the trial court. *State v. Copeland,* 278 S.C. 572, 300 S.E. (2d) 63 (1982), *cert. denied,* 460 U.S. 1103, 103 S. Ct. 1802, 76 L. Ed. (2d) 367 (1983), *reh. denied,* 462 U.S. 1124, 103 S. Ct. 3099, 77 L. Ed. (2d) 1357 (1983). If the denial of the motion is based on adequate voir dire, the trial court's decision will not be disturbed absent extraordinary circumstances. *State v. Thompson,* 278 S.C. 1, 292 S.E. (2d) 581 (1982), *cert. denied,* 457 U.S. 1112, 102 S. Ct. 2917, 73 L. Ed. (2d) 1323 (1982). There is no abuse of discretion in refusing to change venue if the trial court has screened jurors to insure the defendant a fair trial. *State v. South,* 285 S.C. 529, 331 S.E. (2d) 775 (1985), *cert. denied,* 474 U.S. 888, 106 S. Ct. 209, 88 L. Ed. (2d) 178 (1985).

In this case, the trial court questioned each prospective juror exposed to pre-trial publicity. All indicated they would not be influenced by media coverage in reaching their verdict, they had not formed an opinion as to the guilt or innocence of Nathari, and they could give Nathari a fair trial. Based on this adequate voir dire, the trial court's denial of change of venue will not be disturbed. *State v. Thompson, supra.*

## VI.

Nathari argues the trial court improperly denied his motions for mistrial.

Nathari asserts he was entitled to a mistrial by the Solicitor's comments during opening statements. However, Nathari failed to make a contemporaneous request for mistrial or for a curative instruction. Therefore, the issue is not properly before this Court. *State v. Vanderbilt, supra.*

Nathari asserts testimony from a State's witness that Nathari showed "no emotion" warranted a mistrial because it indicated he felt no remorse. Nathari moved to strike the testimony and to have the trial court give a curative instruction. The trial court struck the testimony. Nathari withdrew his request for a curative instruction. Having obtained the only relief sought, Nathari may not now claim mistrial upon this ground. *State v. Brown,* 274 S.C. 48, 260 S.E. (2d) 719 (1979).

Nathari asserts testimony from an officer that Nathari was "just strolling along as if nothing had happened" entitled him to a mistrial. The trial court instructed the jury to disregard the statement. Nathari asked that the jury be excused and then moved for a mistrial. The trial court found no prejudice or error and denied the motion.

Motions for mistrial are addressed to the trial court's discretion. *State v. Dawkins,* 297 S.C. 386, 377 S.E. (2d) 298 (1989). When the trial court either disallows or strikes objectionable evidence on motion and instructs the jury to disregard it, the appellant cannot complain. *State v. Stroman,* 281 S.C. 508, 316 S.E. (2d) 395 (1984). The trial court properly cured the error, if any, in the officer's testimony.

Nathari asserts comments made by the State in closing argument warrant a mistrial. He argues the Solicitor and

Deputy Solicitor made a number of remarks which appeared to the passion and prejudice of the jury. He contends the remarks diverted the jury's attention away from the issue of guilt. Instead, he asserts, the jury's attention was focused on the Solicitor's personal opinion of Nathari. Also, he argues, the jury was directed to sympathize or personally identify with potential victims.

The trial court is vested with broad discretion in dealing with the propriety of the State's argument. *State v. Durden*, 264 S.C. 86, 212 S.E. (2d) 587 (1975). The granting of a mistrial based upon a prosecutor's argument is largely discretionary with the trial court. *State v. Craig*, 267 S.C. 262, 227 S.E. (2d) 306 (1976). This court must review the alleged impropriety of the State's argument in light of the entire record. *State v. Linder*, 276 S.C. 304, 278 S.E. (2d) 335 (1981).

Here, the trial court immediately instructed the jury to disregard three of the four comments to which Nathari objected. The fourth comment by the Solicitor was a plea to the jury to return a verdict based upon the evidence, not upon sympathy. This Court fails to find prejudice in this comment. The trial court did not abuse his discretion in denying Nathari's motions for mistrial.

## VII.

Nathari argues the trial court committed error in instructing the jury.

Nathari asserts the trial court improperly charged Section 56-5-1810, Code of Laws of South Carolina, 1976, as amended, because it is inapplicable under the indictment and the facts. This statute requires vehicles to be driven on the right side of the roadway under most circumstances. The trial court's determination of what law should be charged is made from the evidence presented. *State v. Goldenbaum*, 294 S.C. 455, 365 S.E. (2d) 731 (1988). Here, the evidence clearly supports the charge. Direct testimony from three witnesses place Nathari driving outside the right lane numerous times.

Nathari also contends it was error to charge an "act forbidden by law"[4] which was not alleged in the indictment. The in-

---

[4] One element of felony D.U.I. requires a defendant to have either committed an act forbidden by law or neglected a duty imposed by law.

dictment alleged Nathari "veered from the highway." The indictment was sufficient for Nathari to answer the charge, the trial court knew what judgment to pronounce, and his conviction can be pleaded as a bar to any subsequent prosecution. *See State v. McIntire*, 221 S.C. 504, 71 S.E. (2d) 410 (1952). We find no error on this charge.

Nathari asserts the trial court committed error in failing to charge that recklessness is an element of felony D.U.I. In fact, recklessness is not an element of felony D.U.I. *See State v. Grampus*, 288 S.C. 395, 343 S.E. (2d) 26 (1986); Section 56-5-2945, Code of Laws of South Carolina, 1976, as amended. Even if this Court were to recognize recklessness as an element of felony D.U.I. by virtue of recklessness being an element in the lesser included offense of involuntary manslaughter, and if Nathari was entitled to an instruction that the State is required to prove recklessness for conviction of felony D.U.I., counsel for Nathari conceded Nathari's recklessness in his closing argument and thereby has waived any objection to the trial court's charge in this regard.

Nathari asserts the trial court inadequately instructed the jury regarding inferences to be drawn from breathalyzer results. He contends the trial court confused the jury as evidenced by the written questions sent out during their deliberations. He also contends the trial court inadequately instructed the jury in his supplemental charge on circumstantial evidence.

When reviewing a jury charge for error, this court must consider the charge as a whole. *State v. Todd*, 290 S.C. 212, 349 S.E. (2d) 339 (1986). If the charge as a whole is free from error, any portions which might be misleading in isolation do not constitute reversible error. *State v. Jackson*, 297 S.C. 523, 377 S.E. (2d) 570 (1989).

The trial court's charge on the inferences to be drawn from breathalyzer results, when considered as a whole, is not so unclear or ambiguous as to mislead the jury. The instructions allowed the jury to find Nathari was not under the influence, or he was under the influence of narcotics, or he was under the influence of a combination of narcotics and alcohol.

The trial court's supplemental charge on circumstantial evidence, while not containing the precise language requested by

Nathari, is still a correct statement of the law. *See State v. Haney*, 257 S.C. 89, 184 S.E. (2d) 344 (1971) (refusal to give requested charge on circumstantial evidence not error where requested charge merely rephrases and repeats principles expounded in given charge).

## VIII.

Finally, Nathari argues the trial court improperly denied his motion to strike from the indictment any reference to the use of alcohol, his motions for directed verdict, and his motion for a new trial. All motions are grounded on insufficiency of the evidence.

While the breathalyzer reading of .04% created a presumption that Nathari was not under the influence of alcohol, it did not preclude the jury from finding he was under the influence of a combination of alcohol and some other drug. The trial court correctly denied this motion. As to Nathari's motions for directed verdict and new trial, substantial direct and circumstantial evidence required the trial court to submit the case to the jury. *State v. Littlejohn*, 228 S.C. 324, 89 S.E. (2d) 924 (1955) (on motion for directed verdict, trial court is concerned with existence of evidence, not its weight; he must submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced).

Affirmed.

