23894

Edward PERCY, Jr., Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

434 S.E. (2d) 264

Supreme Court

*William L. Todd,* Columbia, *for appellant.*

*Michael S. O'Neal,* North Charleston, *for respondent.*

Heard June 11, 1993.

Decided July 12, 1993.

CHANDLER, Justice:

South Carolina Department of Highways and Public Transportation (SCDHPT) appeals an Order reversing its suspension of the driving privileges of Respondent, Edward Percy (Percy), for refusal to submit to a breathalyzer test.

We reverse and reinstate the suspension.

## FACTS

Percy, licensed to drive in Ohio, was arrested for driving under the influence (DUI) while visiting Hilton Head. At the police station, Percy was offered a breathalyzer test and advised that his refusal to submit to the test would result in a 90-day suspension of his privilege to drive in South Carolina. Percy was advised, further, that Ohio authorities would be notified of the South Carolina suspension; finally, the arresting officer advised Percy that he was unaware of the consequences in Ohio of a refusal to take the test in South Carolina.

Percy refused the breathalyzer, resulting in a 90-day South Carolina suspension; upon notification of the suspension, Ohio authorities suspended Percy's license for one year.

Circuit Court reversed the South Carolina suspension, holding that "a statutorily sufficient warning should have contained information that Ohio would honor the South Carolina suspension."

## ISSUE

Was Percy adequately advised of the consequences of refusing the breathalyzer?

## DISCUSSION

S.C. Code Ann. § 56-5-2950(a) (1991), the Implied Consent statute, provides, in part:

No tests may be administered or samples taken unless the person has been informed that he does not have to take the test or give the samples but *that his privilege to drive must be suspended or denied for ninety days if he refuses to submit to the test.* (Emphasis supplied.)

The statute requires only that an accused be advised that his privilege to drive will be suspended for 90 days if he refuses the breathalyzer. No additional warnings are required. *See State v. Nathari,* 303 S.C. 188, 196, 399 S.E. (2d) 597, 602 (Ct. App. 1990).

This Court recently recognized that an Implied Consent advisory is sufficient if the defendant is "reasonably informed of his rights . . . and . . . is neither tricked nor misled into thinking he has no right to refuse the test. . . ." *Town of Mount Pleasant v. Harry Shaw,* — S.C. —, 432 S.E. (2d) 450 (1993).

The burden upon law enforcement to advise out-of-state motorists of the consequences, in their respective states, of refusing the breathalyzer, in this state, would be intolerable and unreasonable.

We hold that Percy was adequately advised pursuant to the South Carolina Implied Consent statute. The judgment below is

Reversed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.