Proposed Opinion

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Maurice Wally,       
Appellant.
 
 
 

Appeal From Beaufort County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2004-UP-638
Submitted December 1, 2004  Filed December 
 16, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Randolph Murdaugh, III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  A Beaufort County grand jury 
 indicted Maurice Wally on one count of burglary in the first degree.  Following 
 trial, Wally was convicted and sentenced to a term of fifteen years.  On appeal, 
 Wally argues the trial court erred in failing to direct a verdict of not guilty 
 on the burglary charge because the State failed to present evidence that Wally 
 entered the dwelling with the intent to commit a crime therein.  We affirm. 
 [1] 
Facts
Around 4:00 
 a.m. on December 6, 2001, William and Starletta Hairston were asleep in the 
 upstairs portion their home when they were awakened by the chirping of their 
 alarm system. [2]   William got 
 out of bed and went to check on his three boys who were sleeping in an adjacent 
 bedroom.  After ensuring the children were in bed, he went back to his bedroom 
 and retrieved a shotgun from a locked compartment behind his bed.  Starletta 
 turned on the bedroom lights and called the police.  
With the 
 shotgun in hand, Mr. Hairston rushed to the top of the stairs where he noticed 
 Wally moving from the interior of the house towards the front door.  William 
 testified he cocked the shotgun to let Wally know he was ready, and then ordered 
 him to stop in his tracks.  Wally complied and did not move.  William then asked 
 Wally what he was doing in the house and Wally replied, the gate told [me] 
 to come in.  William then ordered Wally to get down on the floor where he was 
 held at gunpoint until the police arrived and placed him under arrest.  
William testified 
 Wally did not have anything in his hands when this confrontation took place 
 and an inspection of the house the next morning revealed nothing was missing.  
 William estimated Wally was in the home for a little over two minutes before 
 he was confronted.  
At the close of 
 evidence, defense counsel moved for a directed verdict asserting that Wally 
 did not attempt to take anything out of the home and the State failed to prove 
 he intended to commit a crime in the house.  The trial court denied the motion, 
 found Wally guilty but mentally ill, and sentenced him to fifteen years imprisonment. 
 [3]    
Law/Analysis
Wallys sole argument 
 on appeal is [t]he trial court erred in failing to grant a directed verdict 
 to the charge of burglary because the state failed to present any substantial 
 evidence . . . that appellant entered the dwelling with the intent to commit 
 a crime.  We disagree.
In considering 
 a motion for directed verdict in a criminal case, all evidence is viewed in 
 the light most favorable to the State.  State v. Smith, 352 S.C. 133, 
 136, 572 S.E.2d 473, 474 (Ct. App. 2002).  To this end, [t]he Court of Appeals 
 is concerned with the existence or non-existence of evidence, not its weight.  
 State v. Nesbitt, 346 S.C. 226, 230, 550 S.E.2d 864, 866 (Ct. App. 2001).  
 As such, we can only reverse the trial court if the record contains no evidence 
 justifying its ruling.  State v. Douglas, 359 S.C. 187, 203, 597 S.E.2d 
 1, 9 (Ct. App.  2004).  Thus, an accused is entitled to a directed verdict when 
 the State fails to present evidence of the crime charged.  Id. 
A person is guilty of first-degree burglary when 
 the person enters a dwelling without consent and with intent to commit a crime 
 in the dwelling, and . . . (3) the entering or remaining occurs in the nighttime.  
 S.C. Code Ann. § 16-11-311 (2003).  Essentially Wally argues that because nothing 
 was missing from the house and none of the homeowners belongings were in his 
 possession when he was caught, there is no evidence he intended to commit a 
 crime in the house.
This assertion, however, is completely without 
 merit.  As our supreme court noted in State v. Haney, 257 S.C. 89, 91, 
 184 S.E.2d 344, 345 (1971), [a]bsent an admission by the defendant, proof of 
 intent necessarily rests on inference from conduct.  The court went on to explain 
 that [w]hen the building entered is a dwelling house, the weight of authority 
 holds that the unexplained breaking and entry in the night is itself evidence 
 of intent to commit larceny . . . . The fundamental theory, in the absence of 
 evidence of other intent or explanation for breaking and entering, is that the 
 usual object or purpose of burglarizing a dwelling house at night is theft.  
 Id. at 91-92, 184 S.E.2d at 345. 
Conclusion
Accordingly, because intent to commit a 
 crimei.e., larcenycan be inferred from the breaking and entering itself, we 
 find there is evidence to support the trial courts ruling.  Accordingly, we 
 find the trial court did not err in failing to grant Wallys directed verdict 
 motion and as such, the ruling is
AFFIRMED.
HEARN, C.J., GOOLSBY, and WILLIAMS, JJ., concur. 
 

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 
 [2] Mr. Hairston explained that the alarm would chirp when one of the 
 homes doors or windows were opened.  

 
 
 [3] At trial, defense counsel brought to the courts attention the fact 
 that Wallys mental evaluation indicated he had a family history of psychotic 
 illness and mental retardation.  He also noted Wally received treatment in 
 the past for hearing voices and a personality disorder.   Although the court 
 took this history into consideration and sentenced Wally accordingly, Wallys 
 mental condition is not at issue in this appeal.