**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Isaac Mobley, Appellant.

Appellate Case No. 2022-000450

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-140
Submitted October 1, 2024 – Filed April 23, 2025

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————

**PER CURIAM:** Michael Isaac Mobley appeals his conviction for second-degree burglary and sentence of six years' imprisonment. On appeal, he argues the trial court erred by (1) denying his motion for a directed verdict because the State did

not present any direct or substantial circumstantial evidence indicating he possessed the requisite intent to commit a crime and (2) admitting his prior burglary conviction because it did not fall under the intent or common scheme exceptions outlined in *State v. Lyle*.[1] We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court erred by admitting Mobley's prior conviction for second-degree burglary under Rule 404(b) of the South Carolina Rules of Evidence because it suggested Mobley had a propensity to commit burglary, was not logically relevant to any material fact at issue, and was insufficient to establish a pattern of conduct that could be probative of Mobley's intent.[2] *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(b), SCRE ("Evidence of other crimes . . . is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show . . . the existence of a common scheme or plan . . . or intent."); *see also State v. Robinson*, 438 S.C. 421, 435, 882 S.E.2d 883, 891 (Ct. App. 2023) ("The proponent of prior bad act evidence must demonstrate it has a legitimate purpose, 'i.e., the evidence does something more than prove a person has propensity to commit crimes.'" (quoting *Johnson v. State*, 433 S.C. 550, 555, 860 S.E.2d 696, 699 (Ct. App. 2021))); *State v. Perry*, 430 S.C. 24, 44, 842 S.E.2d 654, 665 (2020) ("The State must show a logical connection between the other crime and the crime charged such that the evidence of other crimes 'reasonably tends to prove a material fact in issue.'" (quoting *Lyle*, 125 S.C. at 417. 118 S.E. at 807)); *id.* at 30, 842 S.E.2d at 657 ("The question for a trial court, and for this [c]ourt on appeal from [a criminal] conviction, is whether the evidence also serves some legitimate purpose that is not prohibited by Rule 404(b)."); *Lyle*, 125 S.C. at 416, 118 S.E. at 807 (stating evidence of other crimes is competent to prove the crime charged when it tends to establish motive, intent, the absence of mistake, common scheme or plan, or identity); *id.* at 417, 118 S.E. at 807 (defining logical relevancy as "the connection between the extraneous criminal transaction and the crime charged").  Although intent was a material fact at issue here, we hold evidence that Mobley broke into and stole items from the business in 2020 was not logically relevant to his state of mind when he entered the same business almost

---

[1] 125 S.C. 406, 118 S.E. 803 (1923).

[2] We address Mobley's argument regarding the admissibility of his prior conviction first because the determination of this question affects our analysis of the directed verdict issue.

two years later in December 2021. *See* S.C. Code Ann. § 16-11-312(B)(3) (2015) ("A person is guilty of [second-degree] burglary . . . if the person enters a building without consent and with intent to commit a crime therein, and . . . [t]he entering or remaining occurs in the nighttime."); *State v. Ostrowski*, 435 S.C 364, 392-97, 867 S.E.2d 269, 283-86 (Ct. App. 2021) (explaining text messages showing the defendant occasionally dealt drugs from his home, which were sent as far back as six weeks prior to his arrest, "should not have been admitted at trial because [they were] not probative of [his] intent as to the offense with which he was charged in the present case"). In addition, the State offered only one conviction, which was insufficient to establish a pattern of conduct probative of Mobley's intent in December 2021 under the common scheme or plan exception. *See State v. Dinkins*, 435 S.C. 541, 555-56, 868 S.E.2d 181, 188 (Ct. App. 2021) (holding the trial court did not abuse its discretion when it admitted evidence of two prior bad acts under Rule 404(b) to prove the intent element for third-degree criminal sexual conduct against a minor when the acts involved defendant's "repeated inappropriate conduct" towards the same victim over three years and the evidence was therefore "probative of [defendant's] intent toward and grooming of [the victim]").

Nevertheless, we hold the trial court's error in admitting Mobley's prior conviction was harmless because the trial court, sitting as the factfinder in this bench trial, could have inferred Mobley's intent to steal based upon his admission that he trespassed and entered a building that contained items of value. *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Davis*, 371 S.C. 170, 181, 638 S.E.2d 57, 63 (2006) ("[W]hether an error is harmless depends on the particular circumstances of the case."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case."); *State v. Haney*, 257 S.C. 89, 91, 184 S.E.2d 344, 345 (1971) ("Absent an admission by the defendant, proof of intent necessarily rests on inference from conduct."); *id.* at 92, 184 S.E.2d at 345 ("In the absence of inconsistent circumstances, proof of unlawful entry into a building which contains personal property that could be the subject o[f] larceny gives rise to an inference that will sustain a conviction of burglary." (quoting *People v. Rossi*, 250 N.E.2d 528, 530 (Ill. App. Ct. 1969))); *cf. McMillian v. State*, 383 S.C. 480, 488, 680 S.E.2d 905, 909 (2009) (holding counsel did not render deficient representation when she advised the petitioner that the factfinder could infer intent to commit a crime from a trespass). Mobley testified and admitted he trespassed on the business's property. The State presented evidence at trial showing that soft drinks

and snack items were kept for sale in the front office area and that the service bay where Mobley was found contained auto parts and tools. Thus, even though Mobley had not taken anything of value, he was found inside a building where items of value were kept. Such evidence gives rise to an inference that Mobley intended to commit a crime when he entered the building. *See Haney*, 257 S.C. at 91, 184 S.E.2d at 345 (holding the record contained evidence of intent to commit larceny when trial testimony "fully support[ed] a conclusion that the defendant gained access to the building through an unlocked window and entered the room where movie projectors and other visual aids were kept"). In addition, police found Mobley lying on a concrete floor partially underneath a vehicle when they arrived, which indicated he was hiding from police; Mobley refused to identify himself to police; and he falsely stated to police that he was an employee of the business. This evidence further demonstrated that he intended to commit a crime within the business when he entered. Because Mobley's prior conviction was cumulative to this inference of Mobley's intent to commit a crime when he entered the business and to the other evidence demonstrating that he held such intent, we hold its admission did not prejudice him and was harmless. *See State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result.").

2. We hold the trial court did not err in denying Mobley's motion for a directed verdict because, when viewed in the light most favorable to the State, the record contained substantial circumstantial evidence Mobley intended to commit a crime when he entered the business on December 9, 2021. *See State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013) ("If there is any direct evidence, or if there is substantial circumstantial evidence, that reasonably tends to prove the defendant's guilt, we must find the trial court properly submitted the case to the [factfinder]."); § 16-11-312(B)(3) (stating a conviction for second-degree burglary requires the "intent to commit a crime" within the relevant building). Although Mobley's prior conviction was not admissible to show intent under Rule 404(b), the record contained other evidence from which the factfinder could infer Mobley intended to commit a crime when he entered the business. Mobley's trespass of the business in December 2021, along with his evasion of the police, refusal to identify himself, and false statement that he was employed at the business, constituted evidence he intended to commit a crime when he entered the business. *See Rogers*, 405 S.C. at 567, 748 S.E.2d at 272 ("Circumstantial evidence . . . gains its strength from its combination with other evidence, and all the circumstantial evidence presented in a

case must be considered together to determine whether it is sufficient to submit to the jury."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the [factfinder] must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt."). Accordingly, we hold the trial court did not err by denying Mobley's motion for a directed verdict.

**AFFIRMED.**[3]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.