19660

The STATE, Respondent, v. Willie James MOULTRIE, Appellant

(198 S. E. (2d) 231)

*William B. Regan, Esq.,* of Charleston, *for Appellant,* cites:

*Messrs. Robert B. Wallace, Sol.,* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,* cite:

July 12, 1973.

Brailsford, Justice:

Paul Jager, a retired employee of the Naval Shipyard, was brutally beaten and robbed in front of his home in the North Area of Charleston County on March 14, 1972. at about 8:15 P. M. Willie Moultrie was arrested about an hour later, and property belonging to Jager was removed from his person. This incriminating evidence was admitted over objection at his trial, on which he was convicted of robbery. He appeals upon the ground that the evidence found in his possession should have been excluded as the product of an unlawful search and seizure. The issue turns on whether at the time of appellant's arrest the officers had probable cause of believing that he had committed a crime. If so, the arrest and incident search were lawful. *State v. Barrs,* 257 S. C. 193, 184 S. E. (2d) 708 (1971). The trial judge concluded that the arrest was made upon probable cause; and we think that the evidence, which will be briefly stated, was sufficient to sustain this conclusion.

Jager was badly bloodied during the robbery, in which he sustained a broken nose, broken jaw and torn ear. He had little opportunity to view his assailant, with whom he grappled briefly after falling to the ground and being kicked about the face and head. He described the robber to the county police officer, who arrived promptly after the incident and took Jager to the hospital, as a colored male, 5' 8" or 5' 9", or maybe taller, and wearing light-colored coveralls. En Route to the hospital, Jager described the incident, and the officer relayed the information to the dispatcher by radio.

County detectives Parsley and Zinkann, who were in a patrol car in the area, heard the transmission of this information and the dispatcher's broadcast of it. They also received reports of an attempted house-breaking and of a burglary, both of which occurred within a short distance of Jager's home and within a very short time of the robbery.

According to the dispatches, both crimes were perpetrated by a tall colored male wearing light-colored coveralls. As the officers cruised the area looking for the suspect, they stopped in front of a restaurant about a block from Jager's house. At that moment, about 9:45 P. M., appellant emerged from the restaurant into the well-lighted parking lot. Upon seeing him, the officers commented to each other that the description fit him to a "T". Appellant is, in fact, a Negro male, 6′ 2″ tall and was wearing coveralls which are tan in color, notably light. The officers approached appellant and asked for his identification card, which he produced. When they observed that his coveralls were splattered with stains which appeared to be blood, they placed him under arrest and made the search which disclosed Jager's belongings on his person.

While the question confronting the trial judge may have been a close one, we think it apparent that there was sufficient evidence to fairly support his finding that probable cause for the arrest existed. This finding is, therefore, conclusive on appeal. Art. V, Sec. 4, Constitution of South Carolina. This resolves the admissibility issue against appellant and leaves no doubt as to the sufficiency of the evidence to sustain the conviction.

Appellant also objected to any evidence as to the other crimes committed in the neighborhood. The evidence was fully relevant on the issue of probable cause for appellant's arrest. The question was whether he was lawfully arrested prior to the search of his person, and this inquiry was not limited to whether there was probable cause of arresting him for the Jager robbery.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.