0405

The STATE, Respondent, v. John Oather Reeves DIXON, Appellant.
(328 S. E. (2d) 89)

Court of Appeals

*Asst. Appellate Defender Tara D. Shurling,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia; and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Jan. 23, 1985.

Decided March 4, 1985.

GARDNER, Judge:

John Oather Reeves Dixon (Dixon) was convicted of armed robbery and assault and battery with intent to kill in connection with the house trailer robbery of a family which operated an adjacent convenience store. We affirm.

## FACTS

Two convenience store proprietors, who had retired for the evening to their family house trailer parked immediately behind the business, were robbed and assaulted by Dixon.

The state's chief prosecuting witness at the trial was Dixon's female accomplice, Donzie McGill, alias Squeekie, (Squeekie) who by her direct testimony as an eye witness inculpated Dixon.

There were additional witnesses who coroborated Squeekie's testimony.

## I.

Did the trial court err in denying Dixon's motion to strike all testimony relating to the photographic lineup on the grounds that the State's failure to preserve all the pictures precluded judicial review?

The rule is well settled. Pretrial initial identification by photographs must be considered on its own facts.

Convictions based on eyewitness identification at trial following such pretrial identification will be set aside on the grounds of prejudice *only* if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *State v. Thompson*, 276 S. C. 616, 281 S. E. (2d) 216 (1981).

At an *in camera* hearing, the trial judge took testimony as to the suggestiveness of the photo identification. He found as a matter of fact that (1) the photo lineup was not tainted; and (2) the in-court identification of Dixon by the witnesses involved did not result from the photo lineup. Where there is evidence to support a finding of fact by the trial judge in a criminal case, his finding of fact is conclusive. *State v. Moultrie*, 261 S. C. 14, 198 S. E. (2d) 231 (1973); 24A C. J. S. *Criminal Law* Section 1832. We find no merit to this exception and so hold.

## II.

Did the trial judge err in overruling defendant's objection to evidence consisting of a letter he had written Squeekie by reason of the State's failure to comply with Circuit Court Rule 103?

Squeekie, Dixon's co-defendant, who turned state's evidence, was the State's first witness. She testified in detail about the robbery. During the case for the defense and on cross-examination of Dixon, a letter he had written while in jail to Squeekie was introduced over the objection that it had not been disclosed pursuant to Circuit Court Rule 103. The letter was somewhat incriminatory and suggested alibis to Squeekie. The letter, however, was consistent with and in lockstep with Squeekie's previous testimony.

Circuit Court Rule 103, relating to disclosure in criminal cases, requires disclosure of any relevant written or recorded statements made by the defendant. The letter was not disclosed by the solicitor pursuant to motion under Rule 103.

Application for relief under discovery rules is a matter within the sound discretion of the trial judge. *State v. Keenan*, 278 S. C. 361, 296 S. E. (2d) 676 (1982). We find no abuse of discretion by the trial judge in admitting the letter. Additionally, that part of the letter which was incriminatory was testified to by Squeekie. The introduction of the letter was cumulative. Even if the ruling admitting the letter were error, (and we hold it was not) it was harmless, and we so hold. We reject this contention.

This court has reviewed the entire record in this case and finds no error. For the reasons stated, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.