1956

The STATE, Respondent v. Rantley JOHNSON, Appellant.

(427 S.E. (2d) 718)

Court of Appeals

*Asst. Appellate Defender M. Anne Pearce, of SC Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr. and Miller W. Shealy, Jr., and Sol. Richard A. Harpootlian, Columbia, for respondent.*

Heard Jan. 26, 1993.

Decided Feb. 22, 1993.

Reh. Den. April 1, 1993.

*Per Curiam:*

Rantley Johnson was indicted in Richland County for strong-arm robbery on April 11, 1991. A jury convicted him and the trial judge sentenced him to ten years. Defense counsel made a proper motion for suppression of identification testimony of the defendant. We affirm.

## FACTS

A convenience store was robbed at 3:30 in the morning. The 22-year-old night clerk was the only person in the store at the time of the robbery. The clerk described the perpetrator as a black male, just over six feet, medium build, weighing about 180-185, wearing a ski cap low on his face and ski jacket with the collar pulled up. The clerk activated a silent alarm. When the police arrived, the clerk was asked if he had gotten a good look at the robber and if he could identify him again. The clerk responded that he had seen his eyes and the top part of his nose, but he was certain he could identify the perpetrator again.

Ten minutes later a police officer drove the clerk to a vacant lot for a show-up identification. There the clerk viewed Johnson standing beside a police car, handcuffed, illumined by an emergency spotlight. He was not wearing a ski jacket or cap. The clerk did not immediately identify Johnson as the perpetrator. However, after carefully viewing, the clerk determined that Johnson was the man who had robbed him.

## ISSUE

The only issue presented by this appeal is whether the trial judge erred in failing to suppress the clerk's identification testimony which may have been tainted by an unduly suggestive identification procedure.

The conduct of trial, including the admission and rejection of testimony, is largely within the trial judge's sound discretion, the exercise of which will not be disturbed on appeal absent an abuse of such discretion or the commission of legal error which results in prejudice for appellant. *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941).

A criminal defendant may be deprived of due process of law by an identification procedure that is unnecessarily suggestive and conducive to irreparable mistaken identification. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. (2d) 1199 (1967). Furthermore, single person show ups are particularly disfavored in the law. *Id.* An identification, however, may be reliable even when the procedure is suggestive, depending on the totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.E. (2d) 401 (1972); *State v. Gambrell,* 274 S.C. 587, 266 S.E. (2d) 78 (1980). The factors to be considered in evaluating the totality of the circumstances include:

> [T]he opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Neil,* 409 U.S. at 199, 93 S.Ct. at 382; *State v. Stewart,* 275 S.C. 447, 272 S.E. (2d) 628 (1980).

We find that the "totality of the circumstances" is reflected by the following facts: 1) the clerk had approximately three minutes to view the perpetrator; 2) the clerk described the perpetrator as a very average black man wearing a ski jacket and cap; however, when arrested the defendant was not wearing a jacket or hat; 3) the clerk testified that he was certain he could identify the robber; and finally, 4) there were approximately ten minutes between the crime and the show-up identification.

The trial judge considered all of these facts before allowing the in-court identification. We find no error. The trial judge found, and we agree, that the short time between the two events supports the reliability of the identification. *See State v. Stewart,* 275 S.C. 447, 272 S.E. (2d) 628 (1980) (the Supreme Court held in-court identification reliable based on testimony of witness who viewed perpetrator for 5 to 7 seconds and identified defendant in a photo lineup two weeks later). We hold that the evidence supports the factual finding of the judge on the suggestiveness of the show up and, therefore,

the trial judge did not err or abuse his discretion in admitting the testimony. *State v. Dixon,* 284 S.C. 526, 328 S.E. (2d) 89 (Ct. App. 1985). We affirm.

Affirmed.