2325

The STATE, Respondent v. Vivian JOHNSON, Appellant.

(456 S.E. (2d) 442)

Court of Appeals

*William T. Toal* and *Valerie J. Rochester Young* both of *Johnson, Toal & Battiste*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. G. Thomas Chase*, Columbia; and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Mar. 9, 1995.

Decided Mar. 27, 1995; Reh. Den. May 2, 1995.

HOWARD, Judge:

Vivian Johnson appeals her conviction for distribution of crack cocaine and distribution of crack cocaine within one-half mile of a school. Johnson asserts error in the introduction into evidence of the crack cocaine, arguing the State failed to establish a proper chain of custody. Johnson also asserts the trial court erred by admitting prejudicial testimony describing the area relevant to the drug transaction as a high drug traffic area. We affirm.

On August 2, 1993, a confidential informant, Richard Rogers, purchased three "rocks" of crack cocaine from Johnson as part of a larger, ongoing, sting operation in Sumter County. The purchase was videotaped by Rogers. Shortly after the transaction occurred, Rogers turned the drugs over to the Surveillance officer, Detective Mark Rosensteel, at a predesignated location. Rosensteel testified he turned the drugs over to Investigator Allen Dailey, the evidence custodian, at the end of that day. However, Dailey testified that he received the drugs from Rosensteel on August 4, 1993. Dailey placed the drugs in a drug analysis security envelope and subsequently delivered the envelope to the South

Carolina Law Enforcement Division (SLED) on August 24, 1993. Kimberly Thigpen, a chemist at SLED, testified Dailey delivered the envelope to her on August 24. Upon analysis, Thigpen found the substances in the envelope to be crack cocaine. The evidence remained in her custody until the trial. Johnson argues the chain of custody was broken for a two-day period between August 2 and August 4, and therefore the admission of the crack cocaine into evidence was erroneous.

The admission of evidence is in the sound discretion of the trial judge whose decision will not be overturned absent an error of law resulting in undue prejudice. *State v. Johnson,* 311 S.C. 132, 427 S.E. (2d) 718 (Ct. App. 1993). Because evidence involving drugs may easily be tampered with, the party offering the drugs into evidence must establish a chain of custody as far as practicable. *See State v. Williams,* 297 S.C. 290, 376 S.E. (2d) 773 (1989); *Benton v. Pellum,* 232 S.C. 26, 100 S.E. (2d) 534 (1957). However, the proof of the chain of custody "need not negate all possibility of tampering." *Williams,* 297 S.C. at 293, 376 S.E. (2d) at 774. Instead, " '[w]here the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and analysis.' " *Benton,* 232 S.C. at 33-34, 100 S.E. (2d) at 537 (citation omitted).

The State established a continuous chain of custody through the testimony of all people who had control and possession of the evidence. Although a discrepancy existed as to the dates Dailey received the evidence, no evidence was presented to indicate the drugs were not within the control of identifiable people during the entire time. A reconciliation of this discrepancy was not necessary to establish the chain of custody, but merely reflected upon the credibility of the evidence rather than its admissibility. *See State v. Kahan,* 268 S.C. 240, 233 S.E. (2d) 293 (1977); *State v. Wells,* — S.C. —, 426 S.E. (2d) 814 (Ct. App. 1992).

Johnson next argues the trial court erred by allowing testimony referring to the area where the drug transaction with Johnson took place as a "high drug traffic area." Johnson argues the testimony was inadmissible under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923), because the State was using the prior crimes of others to imply that John-

son must also be a drug dealer. We disagree.

The State elicited the testimony from Sergeant Ken Nesbitt as he generally explained how a drug sting operation takes place. In particular, Nesbitt explained that police target areas where it is common for people to buy drugs. The trial judge overruled Johnson's objection to such testimony, stating "I think the jury's entitled to know what prompts an undercover operation. That does not of course say that your client is guilty of anything."

Evidence explaining why law enforcement is in a particular area has been held to be relevant information for the jury to consider. *State v. Davis*, 309 S.C. 56, 419 S.E. (2d) 820 (Ct. App. 1992). In a recent case challenging similar testimony on the grounds of hearsay, our Supreme Court held that such testimony was "not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." *State v. Brown*, 317 S.C. 55, 451 S.E. (2d) 888 (1994) (citing *United States v. Love*, 767 F. (2d) 1052 (4th Cir. 1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed. (2d) 890 (1986). Inferentially, the court recognized such testimony as relevant and admissible.

In the case at bar, the testimony about the neighborhood was introduced during background information on the operation and not in testimony concerning the actual evidence against Johnson. in accordance with *State v. Brown*, we conclude this testimony was properly admitted to explain the presence of the police and the reason for the initiation of their undercover operation at that location.

For the foregoing reasons, the decision of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.