THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Joshua Devar
 Gordon, Appellant.
 
 
 

Appeal From Edgefield County
 John C. Few, Circuit Court Judge
Unpublished Opinion No.  2008-UP-211
Submitted March 3, 2008  Filed March 31,
 2008
AFFIRMED

 
 
 
 Appellate Defender Eleanor D. Cleary, South Carolina Commission,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney
 General, of Columbia; and Solicitor Donald V. Myers, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: Joshua
 Gordon (Gordon) appeals his conviction for trafficking in crack cocaine and
 resisting arrest.  On appeal, Gordon argues the trial court erred in admitting
 into evidence crack cocaine seized at the time of his arrest because the State
 failed to establish a complete chain of custody.  We affirm.   
FACTS
Investigator
 Roosevelt Young (Young) of the Edgefield County Sheriffs Department arrested
 Gordon pursuant to an arrest warrant. Subsequent to the arrest, Young took
 possession of a substance believed to be crack cocaine from Gordons mouth and
 pocket.  The items recovered from Gordon were placed in a best kit along with
 a form detailing all pertinent information.[1] 
 A best kit is a tamper evident[2] plastic bag, in which evidence
 obtained from a crime scene is placed. 
After
 the evidence was placed within the best kit, Investigator Warren Miller sealed
 the best kit.  According to Agent Nathan McCoy
 (McCoy), a chemical analyst in the field of drug analysis for SLED, once
 sealed the best kit could not be opened without tearing it.  Thus, it would be
 apparent if an individual attempted to tamper with the best kit.  
After
 Gordons arrest, Young transported the best kit from the crime scene to an
 evidence safe in Youngs office.  From there, Young hand-delivered the best kit
 to the SLED Drug Identification Unit in Columbia.  Young testified the best kit
 and its contents were not changed or altered, and no one else had access to it
 from the time when the kit was sealed at the crime scene to when it was
 delivered to Columbia.  Upon arriving at SLED, Young gave the kit to a SLED
 administrative employee so the evidence could be logged into SLEDs computer. 
 The employee returned the kit back to Young, and Young placed the kit into the
 evidence box.
McCoy testified he subsequently retrieved the kit from the
 evidence box.  After performing an inspection of the best kit, McCoy concluded no one had tampered with the best kit.  McCoy also determined the seal was intact.  After breaking
 the seal, McCoy performed chemical tests on the contents of the best kit and
 concluded the substance in the best kit was crack cocaine.  
Gordon objected to McCoys testimony regarding the substance to be
 crack cocaine, arguing the State failed to prove the chain of custody of the best
 kit because the administrative employee was not identified.  The trial court
 denied this objection and allowed the evidence to come in at trial.  Consequently,
 Gordon was convicted of trafficking in crack cocaine and resisting arrest and
 sentenced to twenty-five years for the trafficking charge and one year for the
 resisting arrest charge.  This appeal follows.
STANDARD OF REVIEW
The admission of evidence rests in the sound discretion of the
 trial court.  State v. Johnson, 318 S.C. 194, 196, 456 S.E.2d 442, 443
 (Ct. App. 1995).  The trial courts decision will not be overturned unless
 controlled by an error law resulting in undue prejudice.  Id.                      
 
LAW/ANALYSIS
The sole issue on appeal is whether the State established a
 complete chain of custody of the best kit.  Specifically, Gordon contends the
 testimony of everyone who handled the evidence, including that of the administrative employee who received the best kit to
 log it into SLEDs computer, was necessary to establish the chain of custody. 
 We disagree. 
 If a party wishes to offer into evidence fungible items such as
 drug samples, that party must establish a chain of custody as far as
 practicable.  State v. Taylor, 360 S.C. 18, 22-23, 598 S.E.2d 735, 737
 (Ct. App. 2004).  If the analyzed substance has passed through several hands,
 the evidence must not leave it to conjecture as to who had it and what was done
 with it between the taking of the evidence and its analysis.  Id.  However,
 the proof of chain of custody need not negate all possibility of tampering; rather,
 it must establish a complete chain of evidence as far as practicable.  Id.  
 
In the present case, there is sufficient evidence to conclude the
 trial court did not abuse its discretion in ruling the State had established a
 complete chain of custody of the best kit.  Young testified he took the crack
 cocaine from Gordons person and placed it in the best kit.  Miller testified
 that the best kit was thereafter sealed.  Young then locked the best kit in an
 evidence locker and later transported the best kit to SLED.  Young testified the best kit was neither changed nor
 altered from the time the kit was sealed at the crime scene and brought to SLED.
Young hand-delivered the best kit to an administrative employee who received the best kit to
 log it into SLEDs computer.  Young then personally placed the best kit in the
 evidence box.  McCoy testified he retrieved the kit
 from the evidence box.  McCoy also stated the
 best kit had not been tampered with and the seal was intact.  The
 foregoing testimony clearly demonstrates the State established a chain of
 custody of the crack cocaine seized from Gordon until it was analyzed by McCoy. 
 We do not find the States failure to produce the administrative employee to
 testify fatal.  See S.C. Dept of Soc. Servs. v. Cochran, 364
 S.C. 621, 629-30, 614 S.E.2d 642, 646-47 (1995) (holding every individual
 associated with the evidence need not be identified nor be available to testify
 in order to establish a chain of custody and affirming the family courts
 determination that a chain of custody of blood samples had been established
 even though the identity of the courier who transported the samples from the
 collection site to the testing facility was unknown when samples arrived at the
 testing facility sealed and intact).    
CONCLUSION
Accordingly,
 the trial courts decision is 
AFFIRMED.[3] 
HUFF,
 KITTREDGE, and WILLIAMS, JJ., concur.

[1] According to testimony, this information includes: a
 control number used throughout the chain of custody, the name of the suspect
 from which the evidence was retrieved, a description of the contents recovered,
 and the name of the law enforcement officer who recovered the evidence.  
 
[2] Tamper evident means that if the best kit has been
 tampered with, for example, by a person attempting to gain access to the bag,
 the kit will show signs of tampering.  
[3] We decide this case without oral arguments pursuant
 to Rule 215, SCACR.