700 S.E.2d 440

**The STATE, Respondent,**

v.

**Mark BAKER, Appellant.**

No. 4698.

Court of Appeals of South Carolina.

Heard May 18, 2010.
Decided June 15, 2010.
Rehearing Denied Aug. 27, 2010.

58

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Cecil Kelly Jackson, of Sumter, for Respondent.

SHORT, J.

Mark Baker appeals his convictions for committing a lewd act upon a minor, arguing the trial court erred in: (1) refusing to quash the indictment; (2) denying his motion for a continuance; (3) limiting his cross-examination of a witness; and (4) qualifying a witness as an expert in forensic interviewing. We affirm.

## FACTS

Baker was indicted on five counts of committing a lewd act upon a minor and one count of criminal sexual conduct with a minor. These charges arose after Baker's two nieces made allegations that Baker was abusing them. The younger niece accused Baker of abusing her older sister, Baker's older niece. The older niece indicated Baker abused her by rubbing his penis on her buttocks, back, and other areas of her body. She testified that Baker kissed her, digitally penetrated her, and attempted to make her perform oral sex on him. The younger niece stated Baker had also molested her.

The original indictments alleged these events occurred from May 2002 through September 2004. However, the five counts of lewd act were amended to expand the time frame back to June 1998. Baker moved to quash the indictments because they were unconstitutionally overbroad. Baker also moved

the trial court for a continuance, arguing he needed more time to prepare for trial because two weeks prior to the trial the time frame was expanded by four years. The trial court denied both of these motions.

Prior to trial, the State moved to limit cross-examination of the younger niece. During the same month the younger niece accused Baker of abuse, she was expelled from school for one year for a narcotics violation. She also received a disciplinary infraction for skipping school. Over Baker's objection, the trial court agreed to the State's request that Baker not be allowed to cross-examine the younger niece about her school disciplinary records.

During the trial, the State sought to qualify Gwen Herod, a victim assistance officer with the Sumter County Sheriff's Department, as an expert in forensic interviewing and assessment of child abuse. Despite Baker's objection, the trial court qualified Herod as an expert in forensic interviewing only. Ultimately, Baker was convicted of four of the five counts of lewd act. He was acquitted of criminal sexual conduct and one count of lewd act. The trial court sentenced Baker to concurrent fifteen-year terms for three of the counts of lewd act and a fifteen-year consecutive term for the fourth count, for a total of thirty years imprisonment. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, this court reviews errors of law only. *State v. Wilson*, 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001). An appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

## LAW/ANALYSIS

Baker argues the trial court erred by: (1) failing to quash the indictments; (2) denying his motion for a continuance; (3) limiting cross-examination of the younger niece about her school disciplinary records; and (4) qualifying Herod as an expert in forensic interviewing. We address each argument in turn.

## A. Indictments

 Baker argues the trial court erred in denying his motion to quash the indictments because the time frame was overbroad and prevented him from adequately preparing a defense. We disagree.

 An indictment is merely a notice document. *State v. Gentry*, 363 S.C. 93, 102–03, 610 S.E.2d 494, 500 (2005). The true test of the sufficiency of an indictment is not whether it could be made more definite and certain. *Id.* Rather, the court must look at the indictment with a practical eye in view of all the surrounding circumstances. *Id.* The sufficiency of the indictment is determined by whether: (1) the offense charged is stated with sufficient certainty and particularity to enable a court to know what judgment to pronounce, and the defendant to know what he or she is called upon to answer and whether he or she may plead an acquittal or conviction thereon, and (2) whether it apprises the defendant of the elements of the offense that are intended to be charged. *Id.*

 A two-prong test is utilized to determine the sufficiency of an indictment involving a purportedly overbroad time period. *State v. Tumbleston*, 376 S.C. 90, 98–99, 654 S.E.2d 849, 853–54 (Ct.App.2007). The first prong is whether time is a material element of the offense, and the second is whether the time period covered by the indictment occurred prior to the return of the indictment by the grand jury. *Id.*

 Regarding the first prong, time is not a material element of committing a lewd act on a minor. *Id.* at 101, 654 S.E.2d at 855. Likewise, time is not an element of criminal sexual conduct with a minor. *State v. Thompson*, 305 S.C. 496, 501, 409 S.E.2d 420, 423 (Ct.App.1991). In the present case, Baker was indicted on five counts of committing a lewd act upon a minor and one count of criminal sexual conduct with a minor. Time is not an essential element in either of these offenses; thus, the first prong is met. *See State v. Nicholson*, 366 S.C. 568, 574, 623 S.E.2d 100, 102–03 (Ct.App. 2005) (holding if time is not an essential element of the offense, the indictment need not specifically charge the precise time the offense allegedly occurred).

As to the second prong, the offenses complained of occurred from June 1998 through September 2004, and Baker was served notice of the amended indictments on October 3, 2006. The time period covered by the indictments occurred prior to the return of the indictments by the grand jury. Thus, the second prong is met, and the indictments were not overly broad.

■ Additionally, an indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood. *Tumbleston,* 376 S.C. at 98, 654 S.E.2d at 853.

The amended indictments for lewd act state:

That MARK BAKER, a person over the age of fourteen (14) years, did in Sumter County between the period of June 1, 1998 and September 1, 2004 violate Section 16–15–140 of the Code of Laws of South Carolina . . . in that . . . MARK BAKER did willfully and lewdly commit or attempt to commit a lewd and lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen (16) years, to wit: [older niece] (Date of Birth: 1/6/89), with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of himself or of the said child.

Section 16–15–140, which defines the crime of committing or attempting to commit a lewd act on a child, states:

It is unlawful for a person over the age of fourteen years to willfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

S.C.Code Ann. § 16–15–140 (Supp.2009).

The indictment for criminal sexual conduct with a minor states:

That MARK BAKER did in Sumter County between the period of June 1, 2004 and September 1, 2004, willfully and unlawfully commit criminal sexual conduct with a minor in the second degree by engaging in sexual battery with a

minor who was at least fourteen (14) years of age but who was less than sixteen (16) years of age, to wit: [older niece] (Date of birth: 1/6/89) and the actor was in a position of familial, custodial, or official authority to coerce the victim to submit or was older than the victim, to wit: vaginal digital intrusion and cunnilingus, in violation of Section 16–3–655(3) of the Code of Laws of South Carolina. . . .

Section 16–3–655, which defines criminal sexual conduct, states:

A person is guilty of criminal sexual conduct with a minor in the second degree if: (1) the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age; or (2) the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.

S.C.Code Ann. § 16–3–655 (Supp.2009).

The indictments clearly identify the elements of lewd act and criminal sexual conduct. The indictments substantially track the statutory language so plainly that the nature of the charged offense can be easily understood. The indictments establish the offense of lewd act on a minor as defined by section 16–15–140 and the offense of criminal sexual conduct as defined by section 16–3–655. Baker's contention regarding the sufficiency of the indictments is without merit, and we discern no abuse of discretion in the trial court's ruling.

## B. Motion for a Continuance

■ Baker argues the trial court erred in denying his motion for a continuance based on the expanded time frame in the amended indictments. We disagree.

The trial court's decision to deny a motion for continuance is a matter within its discretion. *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957). This court will not reverse the trial court unless there was an abuse of discretion that resulted in prejudice. *Id.*

Baker was served notice of the amended indictments on October 3, 2006, and his trial commenced on November 13,

2006. Baker had more than one month to prepare for the trial. Additionally, the time frame was expanded only for the lewd act charges, and as explained above, time is not an essential element for this offense. We see no reversible error in the trial court's decision. *See id.* (holding reversals of the refusal of a continuance are almost as "rare as the proverbial hens' teeth").

## C. Cross-examination

Relying on Rule 608(c), SCRE, Baker argues the trial court erred by limiting his cross-examination of the younger niece regarding two school disciplinary incidents because they demonstrated her bias or motive to fabricate the allegation. We disagree.

The admission of evidence rests in the sound discretion of the trial court. *State v. Johnson*, 318 S.C. 194, 196, 456 S.E.2d 442, 443 (Ct.App.1995). The trial court's decision will not be overturned unless controlled by an error of law resulting in undue prejudice. *Id.*

Initially, Baker argues the trial court erred by limiting cross-examination of the younger niece in violation of his right to confront witnesses conferred by the Sixth Amendment of the United States Constitution. This constitutional claim is not preserved for review because it was not raised at trial. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) (holding to be preserved for appeal, an issue must be raised to and ruled upon by the trial court). During the trial, Baker argued he should be allowed to cross-examine the younger niece regarding her disciplinary incidents based on Rule 608(c), SCRE. Baker cannot now add a constitutional claim on appeal because he cannot raise one ground to the trial court and a different ground on appeal. *See State v. Addison*, 338 S.C. 277, 284–85, 525 S.E.2d 901, 905 (Ct.App. 1999) (holding issue not preserved for appeal where one ground is raised below and another ground is raised on appeal); *see also State v. Gaster*, 349 S.C. 545, 552, 564 S.E.2d 87, 91 (2002) (holding a constitutional claim must be raised to and ruled upon to be preserved for appellate review).

As to the merits of the issue, Rule 608(c), SCRE states, "Bias, prejudice or any motive to misrepresent may be

shown to impeach the witness either by examination of the witness or by evidence otherwise adduced." Under this rule, anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded to his or her testimony. *State v. Jones*, 343 S.C. 562, 570, 541 S.E.2d 813, 817 (2001). During cross-examination, any fact may be elicited which tends to show interest, bias, or partiality of the witness. *State v. Starnes*, 340 S.C. 312, 325, 531 S.E.2d 907, 914 (2000).

Baker contends the younger niece fabricated the allegations against him in an attempt to deflect attention away from her school disciplinary incidents. The first incident involved the younger niece being in the library when she did not have a pass. As a result, she was written up for cutting class. We find it extremely unlikely that this simple incident would have a legitimate tendency to show the younger niece would fabricate a story of her uncle abusing her older sister in order to avert attention from her minor infraction.

As to the second incident, the younger niece was expelled from school for one year. In October 2004, the younger niece had a prescription pill in her possession on school grounds without proper documentation. Pursuant to the school's no-tolerance policy, she was expelled for one year for this infraction. This incident occurred after the younger niece had made the allegations against Baker. On October 17, 2004, the younger niece disclosed to her mother that Baker had been abusing the older niece. The incident, for which she got expelled for one year, did not occur until October 20, 2004, which was three days after she confided in her mother. While this incident is a more serious infraction than the one described above, it could not have been used to demonstrate bias or a motive to misrepresent because it occurred after the younger niece made the allegations against Baker. Thus, we see no reversible error in the trial court's decision.

### D. Expert Witness

 In his final argument, Baker alleges the trial court erred in qualifying Officer Herod as an expert witness and in allowing her testimony, which constituted impermissible bol-

stering. We hold that even if the trial court committed error in qualifying Herod as an expert, Baker suffered no prejudice as a result of the trial court's decision.

The trial court qualified Officer Herod as an expert in forensic interviewing. After being qualified as an expert, Officer Herod testified the older niece disclosed the abuse while the younger niece denied the abuse. Officer Herod opined that, as a result of the interview, she believed the older niece should be referred for a medical exam.

The trial court's determination regarding a witness's qualification to testify as an expert will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Henry,* 329 S.C. 266, 273, 495 S.E.2d 463, 466 (Ct.App.1997).

The facts of this case are similar to the South Carolina Supreme Court's decision in *State v. Douglas,* 380 S.C. 499, 499–500, 671 S.E.2d 606, 606–07 (2009). In that case, Douglas was convicted of committing a lewd act on a minor. *Id.* During his trial, Douglas objected to the trial court's classification of Officer Herod as an expert in forensic interviewing and asserted Herod's testimony improperly bolstered the victim's testimony. *Id.* The trial court qualified Herod as an expert and found her testimony relevant and admissible. *Id.* Herod testified she received information leading her to conclude the victim needed to be referred for a medical exam. *Id.* at 501, 671 S.E.2d at 607. Douglas appealed this decision to this court, and we concluded the trial court did not abuse its discretion in finding Herod an expert in forensic interviewing. *State v. Douglas,* 367 S.C. 498, 519, 626 S.E.2d 59, 70 (Ct.App. 2006) (affirmed as modified).

Douglas appealed to our supreme court, which reversed our conclusion and stated "it was unnecessary for Herod to be qualified as an expert." *Douglas,* 380 S.C. at 501, 671 S.E.2d at 608. However, the supreme court affirmed Douglas's conviction and concluded "Douglas suffered no prejudice either as a result of Herod's testimony or by her qualification as an expert." *Id.* at 503, 671 S.E.2d at 608–09.

Even if we assume the trial court erred in qualifying Herod as an expert, we find Baker suffered no prejudice as a result of this decision. The jury was free to accept or reject Herod's testimony. The mere fact that Herod was qualified as an

expert did not require the jury to give her testimony any greater weight than that given to a non-expert witness. The trial court made this point explicitly clear by stating:

> As jurors ... it is your duty to determine ... the effect, the value, the weight, and the truth of the evidence presented. You should consider the expert opinion received [into] evidence in this case and like any other evidence give it the weight you think that it deserves. If you decide that the opinion of the expert witness is not based on sufficient education and experience or if you conclude that the reasons given in support of their opinion are not sound or that the opinion is outweighed by other evidence you may disregard the opinion entirely. An expert witness['s] testimony is to be given no greater weight than that of other witnesses simply because the witness is an expert. Further, you are not required to accept an expert's opinion even though it is not contradicted.

The foregoing demonstrates the jury was informed it was free to assign no weight to Herod's testimony. Further, the jury understood Herod's testimony was not to be afforded more weight simply because she was qualified as an expert. Thus, Baker was not prejudiced by the trial court's decision. *See id.* at 503, 671 S.E.2d at 609 ("The fact that Herod was qualified as an expert did not require the jury to accord her testimony any greater weight than that given to any other witness.").

 Baker's contention that Herod's testimony constituted impermissible bolstering is without merit. As in the *Douglas* case, Herod did not testify she believed the testimony of the younger or older niece, and she did not vouch for the victims' veracity. Thus, we conclude Herod's testimony did not constitute improper bolstering.

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.