THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lonnie Wayne Gregory, Appellant.
 
 
 

Appeal From Lancaster County
 Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2012-UP-222
 Heard January 10, 2012  Filed April 11,
2012

AFFIRMED

 
 
 
 Elizabeth A. Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 McIntosh, Assistant Attorney General Salley W. Elliott, Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor Douglas A.
 Barfield, Jr., of Lancaster, for Respondent.
 
 
 

FEW, C.J.: Lonnie Wayne Gregory appeals his
 conviction for second-degree criminal sexual conduct with a minor.  He argues the
 trial court erred in admitting expert testimony from a forensic interviewer
 because it improperly bolstered the victim's credibility.  We find Gregory's
 arguments unpreserved and without merit and affirm his conviction.
At trial, Gregory
 objected when the State offered a forensic interviewer as an expert witness.  He
 argued the interviewer should not be allowed to testify as an expert and, even
 if she were allowed to testify, she should not be allowed to testify about the
 victim's credibility.  The judge ruled against Gregory as to his first argument
 by qualifying the interviewer as an expert witness.  However, the judge ruled
 in favor of Gregory as to his second argument by ruling that the interviewer
 could not testify as to whether she believed the victim.  The interviewer's
 testimony Gregory complains about on appeal relates to the victim's
 credibility.  See, e.g., State v. Jennings, 394 S.C. 473, 480,
 716 S.E.2d 91, 94 (2011) ("There is no other way to interpret the language
 used . . . other than to mean the forensic interviewer believed the children
 were being truthful."); State v. McKerley, Op. No. 4957 (S.C. Ct.
 App. filed March 28, 2012) (Shearouse Adv. Sh. No. 11 at 41).  The trial court
 ruled it would exclude such testimony, but Gregory failed to object to the
 testimony when it was offered into evidence.  Therefore, his argument is not
 preserved.  State v. Baker, 390 S.C. 56, 65, 700 S.E.2d 440, 444 (Ct.
 App. 2010) (stating an issue must be raised to and ruled upon by the trial
 court to be preserved for review), cert. granted, (Nov. 17, 2011).
Gregory also contends
 the court erred in allowing the interviewer to testify as an expert based
 solely on State v. Douglas, 380 S.C. 499, 671 S.E.2d 606 (2009).  We
 disagree and find, as in Douglas, that the decision to allow the
 interviewer to testify as an expert did not prejudice Gregory.  380 S.C. at 503,
 671 S.E.2d at 608-09 ("Douglas suffered no prejudice . . . by her qualification
 as an expert."); 380 S.C. at 503, 671 S.E.2d at 609 ("The fact that [the
 interviewer] was qualified as an expert did not require the jury to accord her
 testimony any greater weight than that given to any other witness.").  
The conviction is AFFIRMED.
THOMAS and
 KONDUROS, JJ., concur.