**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Antonio Glover, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-202772

---

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-350
Heard September 11, 2014 – Filed October 8, 2014

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Kaelon E. May, and Assistant Attorney General John Walter Whitmire, all of Columbia, for Respondent.

---

**PER CURIAM:** This is a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), in which Antonio Glover argues the trial court erred by: (1) denying his motion to suppress and (2) declining his motion to remove two jurors. Glover contends his convictions should be reversed on these grounds. We affirm, pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Glover's motion to suppress evidence seized from his person based on a lack of reasonable suspicion:[1] *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (providing a party cannot concede an issue at trial and then complain on appeal).

2. As to whether the trial court erred in denying his motion to suppress based upon Glover's argument that his arrest was unlawful: *State v. Gamble*, 405 S.C. 409, 416, 747 S.E.2d 784, 787 (2013) (stating that a search incident to a lawful arrest is one of the exceptions to the Fourth Amendment prohibition against warrantless searches and seizures); *State v. Robinson*, 335 S.C. 620, 634, 518 S.E.2d 269, 276 (Ct. App. 1999) (holding that when determining whether an arrest was lawful, a court must consider "'whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [appellant] had committed . . . an offense'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)

---

[1] Even if this issue was not procedurally barred, we note there was evidence to support the trial court's decision that reasonable suspicion existed to briefly detain Glover. *See State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006) ("Our review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial court's finding."); *see also State v. Khingratsaiphon*, 352 S.C. 62, 69, 572 S.E.2d 456, 459 (2002) ("A police officer may stop and briefly detain and question a person for investigative purposes, without treading upon his Fourth Amendment rights, when the officer has a reasonable suspicion supported by articulable facts, short of probable cause for arrest, that the person is involved in criminal activity. Reasonable suspicion requires a particularized and objective basis that would lead one to suspect another of criminal activity. In determining whether reasonable suspicion exists, the totality of the circumstances—the whole picture— must be considered." (internal citations and quotation marks omitted)).

(alteration by court)); S.C. Code Ann. § 16-3-600(E)(1) (Supp. 2013) (providing that "[a] person commits the offense of assault and battery in the third degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so."); *State v. Goodwin*, 351 S.C. 105, 110-11, 567 S.E.2d 912, 914-15 (Ct. App. 2002) (holding that the underlying arrest "need not be prosecuted in order to successfully prosecute for resisting arrest," and similarly, "neither should the absence of a charge on the underlying arrest bar evidence seized subsequent to a proper resisting arrest charge).

3. As to whether the trial court erred in denying his motion to suppress based upon Glover's argument that the chain of custody was unreliable: *State v. Taylor*, 360 S.C. 18, 23, 598 S.E.2d 735, 737 (Ct. App. 2004) ("The admission of evidence is addressed to the sound discretion of the trial judge."); *id.* at 22-23, 598 S.E.2d at 737 ("A party offering into evidence fungible items such as drugs or blood samples must establish a chain of custody as far as practicable. Where the analyzed substance has passed through several hands, the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis.") (citation omitted); *id.* at 24, 598 S.E.2d at 737 (If "there is evidence to establish the identity of those who have handled the evidence and the manner in which it was handled, a weakness in the chain merely raises a question of credibility, not admissibility."); *see also State v. Johnson*, 318 S.C. 194, 196, 456 S.E.2d 442, 444 (Ct. App. 1995) (finding a discrepancy between the dates on which a handler in the chain of custody received the evidence merely reflected upon the credibility of the evidence when no facts were presented to indicate the drugs were not within the control of identifiable people during the entire time).

4. As to whether the trial court erred in declining to remove two jurors after the jury had been impaneled: *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 111, 512 S.E.2d 510, 518 (Ct. App. 1998) ("[Section 14-7-1030 of the South Carolina Code (Supp. 2013)], provides that any objection to a juror is waived if not made before the jury is impaneled."); *id.* (holding that "[a] party objecting to a juror after the jury is impaneled must show that he could not have, in the exercise of due diligence, discovered the ground for objection before the impanelling of the jury.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**