**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shondre Lamond Williams, Appellant.

Appellate Case No. 2013-000487

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2014-UP-367
Heard September 9, 2014 – Filed October 29, 2014

**AFFIRMED**

Carlyle Richardson Cromer, of Turner Padget Graham & Laney, PA, of Myrtle Beach, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, Assistant Attorney General Adam L. Whitsett, and Assistant Attorney General Joshua L. Thomas, all of Columbia, and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Shondre Lamond Williams appeals his convictions for trafficking in cocaine and possession of crack cocaine, asserting the trial court erred in (1) refusing to suppress the search warrant for his home where the affidavit in support of the warrant was not based on personal knowledge and (2) refusing to suppress the drug evidence based on an incomplete chain of custody. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.    As to whether the trial court erred in refusing to suppress the search warrant: *State v. Dunbar*, 361 S.C. 240, 248, 603 S.E.2d 615, 619 (Ct. App. 2004) ("Generally, affidavits must be made on the affiant's personal knowledge of the facts alleged in the petition.  The affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness."); *id.* at 249, 603 S.E.2d at 620 (providing it is permissible for a magistrate to issue a search warrant based upon hearsay information that is not a result of direct personal observations of the affiant, and information given to the affiant by other officers can support probable cause for the search warrant); *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) (holding an appellate court applies a deferential standard of review on appeal from a motion to suppress based on Fourth Amendment grounds); *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) (holding an appellate court must affirm a trial court's ruling on a motion to suppress based on the Fourth Amendment if there is any evidence to support the ruling and will reverse the trial court's decision only if there is clear error).

2.    As to whether the trial court erred in failing to suppress the drug evidence based on an incomplete chain of custody:  *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) (holding a party offering fungible items, such as drugs or blood samples, into evidence must establish a complete chain of custody as far as practicable); *id.* at 95, 708 S.E.2d at 755 ("The ultimate goal of chain of custody requirements is simply to ensure that the item is what it is purported to be."); *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205-06 (2007) ("[I]f the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive."); *State v. Johnson*, 318 S.C. 194, 196, 456 S.E.2d 442, 444 (Ct. App. 1995) (finding, although a discrepancy existed as to the dates the evidence custodian received the

drug evidence from the detective, no evidence was presented to indicate the drugs were not within the control of identifiable people during the entire time and a reconciliation of the discrepancy was not necessary to establish the chain of custody but merely reflected upon the credibility of the evidence, not its admissibility).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**